

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-7-2003

# USA v. Anderson

Precedential or Non-Precedential: Non-Precedential

Docket 01-3965

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"USA v. Anderson" (2003). *2003 Decisions.* Paper 571.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/571

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No: 01-3965
_____

UNITED STATES OF AMERICA

v.

LAMONT ANDERSON
a/k/a
MARK ANDERSON

Lamont Anderson,

Appellant

_____

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal Action No. 99-cr-00732-1)
District Judge: Honorable Clarence C. Newcomer

_____

Submitted Under Third Circuit LAR 34.1(a)
on March 3, 2003

Before: ROTH, BARRY
and FUENTES, Circuit Judges

(Opinion filed : May 7, 2003)

## O P I N I O N

ROTH, Circuit Judge:

Lamont Anderson pled guilty to being a felon in possession of a firearm pursuant to 18 U.S.C. § 922(g)(1). He stipulated to the underlying predicate offenses for enhanced sentencing pursuant to 18 U.S.C. § 924(e). He was sentenced to 156 months imprisonment.

Anderson's counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967) expressing his belief that there were no non-frivolous issues presented for our review. As required by *Anders*, counsel directed us to portions of the record that might arguably support an appeal. Also, as required by *Anders*, Anderson was given notice of his attorney's desire to withdraw, allowing him the opportunity to raise any issues for appeal in a supplemental *pro se* brief. He failed to do so. Anderson's attorney pointed us to two possible grounds for appeal: (1) whether Anderson's guilty plea was knowing and voluntary, and (2) whether the sentence imposed was legal.

As to the first ground, that Anderson's plea was not knowingly and voluntarily taken, pursuant to F.R.Crim.P. 11, the court can accept a plea of guilty only after determining that the plea is voluntarily, knowingly and intelligently entered and supported by an ample factual basis. We find from the record that the plea colloquy satisfies the requirements of F.R.Crim. P. 11.

As to the second ground, that Anderson's sentence of 156 months imprisonment is

not legal, Anderson's offense level under the Sentencing Guidelines called for a sentence of 262 to 327 months. Pursuant to 18 U.S.C. § 3553(e) and a 5K1.1 motion from the government, the District Court departed from the Guidelines as permitted in its limited authority. The District Court decided not to depart further based on Anderson's criminal history and his crimes of violence. We find no abuse of discretion in this decision. Therefore, the sentence imposed upon Anderson was legal.

For the foregoing reasons, we will affirm the judgment of the District Court and grant counsel's request to withdraw.

3

_____

TO THE CLERK:

Please file the foregoing Opinion.

By the Court,

/s/ Jane R. Roth
Circuit Judge

4